**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1829

_____

| | | |
|---|---|---|
| Edith Joan (Roberts) Selby, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Shelter Mutual Insurance Company, | * | |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: September 17, 1997

Filed: October 7, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Edith Joan (Roberts) Selby appeals from the district court's[1] order granting Shelter Mutual Insurance Company's summary judgment motion in this sex discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

§§ 2000e-2000e-17, and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010-213.137 (1994).  We affirm.

In 1993, Selby quit her job with Shelter and filed a charge with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights, claiming that she was constructively discharged based on her gender.  Following receipt of her right-to-sue letter, she filed this constructive discharge action in the district court.

After the completion of discovery, Shelter moved for summary judgment.  The evidence showed Selby began working for Shelter in 1968.  In 1992, after the senior vice president of her department had recommended Selby as a candidate to succeed him, Don McCubbin, a male employee from another department, was given the position.  Selby alleged that after McCubbin's promotion, she was required to perform a significant number of the new vice president's duties, in addition to her own.  Selby also claimed she was given a lower percent raise than a male colleague, and her travel opportunities were restricted.  Selby resigned over one year after she was denied the promotion.

The district court granted Shelter's summary judgment motion, finding insufficient evidence to support a finding that Selby's working conditions were intolerable or that they worsened because of her gender.

To prevail on her constructive discharge claim, Selby was required to show that Shelter "deliberately create[d] intolerable working conditions" to force her to quit.  See Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir. 1996).  While Selby agreed Shelter did not want her to quit, she could meet her burden by showing her resignation was "a reasonably foreseeable consequence of [Shelter's] discriminatory actions."  See Hukkanen v. International Union of Operating Eng'rs, 3 F.3d 281, 285 (8th Cir. 1993); see also Gartman v. Gencorp Inc., Nos. 96-3248/3466, slip op. at 6 (8th Cir. July 16, 1997) (citing with approval Chambers v. American Trans Air, Inc.,

17 F.3d 998, 1005 (7th Cir. 1994), in which Seventh Circuit stated that, to be actionable under Title VII, working conditions must be intolerable in a discriminatory manner).

Even assuming that some of Selby's adverse working conditions were gender-related, we conclude that the evidence was insufficient to support a finding that a reasonable person in Selby's circumstances would have been compelled to quit, especially because the undisputed evidence indicated that before submitting her resignation letter, Selby did not complain to decision-makers about being denied a promotion, being required to perform McCubbin's duties, or receiving a lower percent raise.  See West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497, 498 (8th Cir. 1995) (what is "intolerable" is judged by objective standard; no constructive discharge unless employer given reasonable opportunity to resolve problem); Tidwell, 93 F.3d at 495-97 (denial of promotion, combined with dissatisfaction with work assignment, were insufficient to uphold constructive discharge judgment, particularly where employer was given no opportunity to remedy situation); Summit v. S-B Power Tool, No. 96-3814, slip op. at 3, 10-11 (8th Cir. Aug. 13, 1997) (insufficient evidence for plaintiff's constructive discharge verdict, where plaintiff was denied promotion, was transferred to undesirable shift requiring supervision of temporary employees and use of defective parts, and was threatened with discharge); cf. Kimzey v. Wal-Mart Stores, Inc.,107 F.3d 568, 574 (8th Cir. 1997) (constructive discharge verdict upheld where employer aware of blatant and repeated abuse and sexual harassment of female plaintiff by male supervisory employees throughout her employment, plaintiff's repeated complaints increased as harassment became more abusive, and management "generally ignored" complaints).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.